Eric S. Rossman, ISB #4573
ROSSMAN LAW GROUP, PLLC
350 N 9th St, Ste 500
Boise, Idaho 83702
Telephone: (208) 331-2030
Facsimile: (208) 947-2424
erossman@rossmanlaw.com

Andrea J. Rosholt, ISB #8895
ROSHOLT LAW, PLLC
210 Murray St., Suite B
Garden City, Idaho 83714
Telephone: (208) 901-5198
andrea@rosholtlaw.com
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| C.H., an individual,<br><br>Plaintiff,<br><br>vs.<br><br>DANIEL SKINNER, an individual,<br><br>Defendant. | **CASE NO. ________________**<br><br>**COMPLAINT FOR VIOLATIONS OF:**<br><br>(1) Civil Rights Violation (State Created Danger) (42 U.S.C. § 1983);<br>(2) Negligent Concealment<br>(3) Negligent Infliction of Emotional Distress<br>(4) Intentional Infliction of Emotional Distress<br>(5) Negligence / Recklessness<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff C.H., an individual, alleges the following upon information and belief based upon personal knowledge:

## INTRODUCTION & NATURE OF THE CASE

1. Plaintiff C.H. brings this action seeking damages and any other available legal or equitable remedies arising from the conduct of Defendant Daniel Skinner, who at all relevant times served as General Counsel for the Boise School District. Despite his knowledge of reports and concerns regarding former Fairmont Junior High social worker Scott Crandell's abuse and grooming of minors, including C.H., Defendant Skinner deliberately obstructed and interfered with law enforcement's investigation of Crandell's misconduct and failed to report that misconduct to law enforcement authorities or the Department of Health and Welfare as required by law, in violation of C.H.'s rights under the Fourteenth Amendment to the United States Constitution and Idaho law. Defendant Skinner is directly liable for Plaintiff's injuries under federal law pursuant to 42 U.S.C. § 1983 and under Idaho law.

2. Defendant Skinner is also liable for negligence and recklessness for failing to discharge mandatory duties, including his statutory duty to report suspected abuse, causing Plaintiff's injuries.

## JURISDICTION & VENUE

3. This action is brought under 42 U.S.C. § 1983 and pendent state law claims under the Idaho Tort Claims Act (Idaho Code §§ 6-901 et seq.) against Defendant Skinner.

4. Subject matter jurisdiction over this action is conferred by 28 U.S.C. § 1331 (federal question) and § 1343(a)(3) (civil rights). Plaintiff's state law claims for relief are within the supplemental jurisdiction of the Court pursuant to 28 U.S.C. § 1367(a).

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the wrongful conduct giving rise to this case occurred in the County of Ada, Idaho, which is located in the District of Idaho. Plaintiff and Defendant Skinner are also, and at all relevant times were, citizens and residents of Ada County, located in the District of Idaho. This Court also has specific personal jurisdiction over Defendant Skinner.

**PARTIES**

6. Plaintiff C.H. is, and at all times mentioned was, an individual residing in Ada County, Idaho, and was a minor child, born in 2006, at the time of the events alleged herein. C.H. brings this action individually.

7. Defendant DANIEL SKINNER (hereinafter, "Skinner") is, and at all times mentioned was, a resident of the State of Idaho and, at all relevant times, was employed by Defendant Boise School District as its General Counsel, located in Ada County, Idaho. At all relevant times, Skinner was an agent of the Boise School District acting within the course and scope of his employment with the District.

8. Defendant Skinner was, at all times material to this Complaint, acting under color and authority of state law.

9. On April 20, 2023, Plaintiff filed comprehensive and timely claims for damages.

10. On August 23, 2023, the claims were formally denied by virtue of the lack of response from the Respondents.

11. Plaintiff complied with the requirements of the Idaho Tort Claims Act (Idaho Code §§ 6-901 et seq.)

## FACTUAL ALLEGATIONS

12. The Boise School District, and specifically Fairmont Junior High hired Scott Crandell ("Crandell") an adult male, to work as a social worker and guidance counselor at Fairmont Junior High. Crandell was employed by Fairmont Junior High until he committed suicide in December 2022.

13. While working at Fairmont Junior High and for the purposes of furthering his assigned duties, Crandell befriended Plaintiff C.H.; gained C.H.'s trust and confidence as an authority figure and mentor.

14. Specifically, towards the end of C.H.'s eighth grade school year, Ms. Hummel noticed that C.H.'s grades were declining. Ms. Hummel talked with the school counselor, Spencer Cummings. Mr. Cummings recommended that C.H. meet with Crandell, a social worker at Fairmont. As the year progressed, Ms. Hummel started getting absence notices from the school via the portal Infinite Campus. However, each time Ms. Hummel raised an issue, the absences were removed from the record.

15. C.H.'s grades continued to decline, and her teachers started reporting that C.H. was "checked out" yet never once mentioned that C.H. was absent from class. It was only after the police began investigating Crandell in November 2022 that Mr. and Mrs. Hummel learned that Crandell had been pulling C.H. out of class for "nap time" in his office. This included closing the door and pulling the shades. C.H.'s teachers and substitute teachers knew this was going on and even reported this to Principal Ryan. Yet, no one ever informed the

Hummels concerning this behavior and never contacted the police or reported the conduct. As such, the Hummels were left in the dark.

16. At all times, Crandell was grooming C.H. to the point where C.H. was dependent upon Crandell emotionally. C.H. was placed on an antidepressant, and her grades continued to deteriorate. Crandell communicated on more than one occasion with Mrs. Hummel about C.H., never once mentioning the "nap times." In addition, he shared with Mrs. Hummel that he was helping several kids and even discussed the other children all in an effort to conceal his actions and create a sense of security with parents.

17. The Hummels eventually learned about the investigation of Crandell and discovered not only that their daughter had been groomed by Crandell but that reports of the misconduct had been raised but neither communicated to the Hummels nor reported/investigated by Principal Ryan, Defendant Skinner, or other administrators within the school district.

18. From the beginning, Crandell began grooming Plaintiff C.H., who was 14 years old at the time. This included Crandell exchanging text messages and phone calls with Plaintiff C.H.. Additionally, Crandell requested to connect with C.H. on Snapchat, by that time C.H. was a 10th grader and 15 years old.

19. Thereafter, Crandell, while working as a social worker at Fairmont Junior High, engaged in predatory sexually abusive acts towards students, including C.H., which acts included grooming and solicitation with the intent to sexually abuse C.H. and others.

20. Through psychological manipulation and use of his position with the Boise School District and Fairmont Junior High, Crandell manipulated and groomed students, including C.H. for his sexual gratification to the harm and detriment of C.H.'s health and well-being.

21. Crandell's acts of grooming and sexually harassing and inappropriate behavior occurred on campus, while he was acting under color of state law for the District and Fairmont Junior High.

22. On March 10, 2022, another parent at Fairmont placed a telephone call to Fairmont Junior High's Principal Ryan regarding his concern that Crandell was communicating with his 14-year-old daughter at odd hours.

23. According to the parent, he personally appeared at Fairmont Junior High on November 11, 2022, and asked to meet with Principal Ryan and Crandell regarding the text message exchanges with a separate student. Despite this meeting, the parent alleges Principal Ryan did not take any action against Crandell or report his conduct.

24. In addition, several teachers and staff members also reported inappropriate conduct by Crandell to Principal Ryan on separate occasions. This included reports that Crandell was pulling female students out of class and meeting with female students in his office with the door and blinds closed, including C.H.. Again, Principal Ryan did nothing to properly investigate Crandell or his conduct towards female students, including C.H..

25. Principal Ryan was aware, or should have been aware, that in December of 2022 an individual had made a complaint to Boise City Police about Crandell's inappropriate

behavior with another student on school property. The Boise Police Department began an investigation of the matter of which Principal Ryan was aware.

26. Yet, Principal Ryan did not remove Crandell from Fairmont Junior High, he did not confront Crandell about his behavior, nor did he take appropriate steps to assure that Crandell had no contact with C.H..

27. Ultimately, after being confronted by the Boise City Police with text messages proving his predatory behavior and sexual abuse of another minor student, Crandell committed suicide at The Grove Hotel on December 17, 2022.

28. During the investigation, it was reported to the authorities and administrators at Fairmont Junior High, including Principal Ryan, that Crandell was suicidal and had threatened suicide. Despite these reports, no effort was made to report Crandell's threats of suicide. C.H. had no knowledge of the suicide until the school announced it via email the following Monday. C.H. was caused further substantial emotional harm knowing he followed through and committed suicide.

29. Indeed, upon learning of the full extent of Crandell's sexual misconduct, Plaintiff discovered that there were several reports to Principal Ryan from educators regarding concerns that should have triggered a report and investigation into the misconduct.

30. Following Crandell's death, the school sent C.H. and other girls to a counselor. The other students at the school started harassing C.H. calling her a "Crandell Girl" and making derogatory comments to her. The school did nothing to stop the further detriment to the well-being of C.H. and such continued abuse continues today.

**Defendant Skinner, as General Counsel for the Boise School District, Obstructed Law Enforcement's Investigation of Crandell and Failed to Report Known Abuse.**

31. At all relevant times, Defendant Skinner was employed by the Boise School District as its General Counsel and was acting within the course and scope of his employment with the District at all times relevant to the claims and allegations asserted herein.

32. Upon information and belief, Defendant Ryan and administration within the Boise School District, including Defendant Skinner, were aware of concerns and reports regarding the sexual abuse and misconduct of students by District employees, including Crandell, yet those concerns were not reported to the Idaho Department of Health and Welfare, a school resource officer, or the Boise Police Department as required by Idaho Code § 16-1605.

33. During internal investigations of District employees, Defendant Ryan informed his superiors, who upon information and belief included Defendant Skinner, of his belief that Crandell could be accused next or could be crossing boundaries with students. None of these individuals, including Defendant Skinner, reported the concerns as required by law.

34. After an individual made an anonymous report to law enforcement regarding Crandell's conduct, Defendant Skinner confronted the reporting individual within one business day, demanded to know whether she was the source of the report, required that she turn over all evidence of concern to her related to Crandell, and instructed her not to speak with the press. Defendant Skinner further identified a list of other District employees he intended to interview regarding the matter.

35. Defendant Skinner, together with Defendant Ryan and staff at Fairmont Junior High, negligently, recklessly, and unlawfully failed to protect C.H. and other students by repeatedly failing to report suspected abuse as required by law, despite Defendant Skinner's mandatory duty under Idaho Code § 16-1605 to report suspected abuse within twenty-four (24) hours, his duty under Idaho Code § 33-512 to protect the morals and health of students, and his general duty to protect students from foreseeable harm.

36. Upon information and belief, there were other students abused by Crandell and other District employees, which was known to Defendant Ryan, Defendant Skinner, and the Boise School District. Despite this knowledge, both Defendant Ryan and Defendant Skinner failed to report the concerns to law enforcement. Instead, Defendant Ryan would report the abuse or concerns of possible abuse to individuals within the District, including Defendant Skinner, who would then conduct an internal investigation without informing the Idaho Department of Health and Welfare or the Boise Police Department.

37. Defendant Skinner consciously adopted a strategy of interfering with law enforcement's ability to investigate matters of sexual misconduct. Upon the emergence of allegations of sexual misconduct, Defendant Skinner would inform the alleged perpetrator that, if he or she resigned, Defendant Skinner's internal investigation into the allegations would cease, such that any information learned before law enforcement could conduct an independent investigation would be considered "personnel-related" and not subject to disclosure without a subpoena or search warrant.

38. Law enforcement identified this practice as "passing the trash" — permitting an employee under investigation to resign without a law-enforcement investigation so that the employee could secure another position elsewhere. Upon information and belief, Defendant Skinner, as General Counsel for the Boise School District, utilized this practice of "passing the trash" during his internal investigations on a regular basis, including his internal investigations of other District teachers.

39. Boise Police officers have described Defendant Skinner's as deceptive, obstructive, and unlawful practices, including his representation that the allegations against Crandell would be investigated internally, meaning the matter would not be reported to law enforcement as required under Idaho law. A Boise Police lieutenant documented the extent of Defendant Skinner's and the District's obstruction of law enforcement's ability to conduct credible investigations and submitted a report to the Ada County Prosecutor's Office and the United States Attorney's Office.

40. Despite the Boise School District's actual knowledge that Defendant Skinner employed the "passing the trash" methodology and failed to report repeated allegations of sexual misconduct by District employees, the District did not terminate Defendant Skinner's employment.

## FIRST CAUSE OF ACTION

## (VIOLATION OF SUBSTANTIVE DUE PROCESS, FOURTEENTH AMENDMENT – STATE CREATED DANGER, 42 U.S.C. § 1983.)

41. Plaintiff hereby incorporates by reference and re-alleges each and every allegation set forth in each and every preceding paragraph of this Complaint, as though fully set forth herein.

42. Defendant Skinner, with deliberate indifference, exposed Plaintiff C.H. to Crandell's long known and ongoing pattern of grooming, boundary violations, and overtly predatory behavior toward the female students and their mothers.

43. Defendant Skinner's deliberately indifferent exposure of Plaintiff C.H. to Crandell, as a social worker known to harbor sexual interest in his minor female students (including a known sexual interest in Plaintiff), affirmatively placed Plaintiff C.H. into the state-created danger of sexual abuse by Crandell.

44. Defendant Skinner, acting under color of state law and within the course and scope of his employment as General Counsel for the Boise School District, engaged in affirmative conduct that created and enhanced the danger to C.H. by knowingly and with deliberate indifference obstructing and stonewalling law enforcement's ability to investigate Crandell's abuse, suppressing and failing to report concerns of Crandell's misconduct, and employing his practice of "passing the trash" to prevent the discovery and reporting of sexual misconduct by District employees. But for Defendant Skinner's affirmative conduct, C.H. would not have been exposed to the continued danger of abuse by Crandell.

45. As a result of Defendant Skinner's deliberate indifference to the state-created danger of sexual abuse, Plaintiff C.H. did in fact suffer numerous acts of sexual harassment and grooming by Crandell throughout the fall of 2021 through December of 2022.

46. As a public-school student sexually groomed and harassed by Crandell, Defendant Skinner's actions deprived Plaintiff C.H. of her constitutionally protected Fourteenth Amendment interest in bodily integrity and security from violation by state actors.

47. As a direct result of Plaintiff C.H.'s exposure by Defendant Skinner to the state-created danger of sexual abuse by Crandell, Plaintiff has incurred economic and non-economic damages, and are entitled to an award of compensatory damages against Defendant Skinner in an amount to be determined by a jury.

48. The actions of Defendant Skinner, as alleged above, were deliberately indifferent to, and in callous disregard of, Plaintiff's physical safety and civil rights. Plaintiff is accordingly entitled to seek to amend her Complaint to add a claim for punitive damages against Defendant Skinner in an amount to be determined by a jury.

49. Plaintiff is entitled to her necessary and reasonable attorney fees and costs incurred in the prosecution of this action.

## SECOND CAUSE OF ACTION

## (NEGLIGENT CONCEALMENT)

50. Plaintiff hereby incorporates by reference and re-alleges each and every allegation set forth in each and every preceding paragraph of this Complaint, as though fully set forth herein.

51. Defendant Skinner was obligated by constitutional provisions, statutes, and/or regulations, as stated above, to document, report and subsequently inform others, including Plaintiff, about the grooming and sexual harassment suffered by Plaintiff C.H. and perpetrated by Crandell (who he knew was a clear and present danger to C.H.). Defendant Skinner did not document the information. He did not report the information and he did not inform others about the known dangers Crandell presented to C.H. and C.H.'s condition.

52. Defendant Skinner's negligent and/or intentional misrepresentation or fraudulent concealment regarding the health and well-being of Plaintiff C.H. and Crandell was the direct proximate cause of severe injuries to Plaintiff.

53. The negligence of Defendant Skinner was the proximate, legal causes of the damages sustained by Plaintiff. Plaintiff has incurred damages to be shown by proof at trial.

## THIRD CAUSE OF ACTION

## (NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS)

54. Plaintiff hereby incorporates by reference and re-alleges each and every allegation set forth in each and every preceding paragraph of this Complaint, as though fully set forth herein.

55. Defendant Skinner's actions, as alleged hereinabove, were negligent and fell below the applicable standards of conduct owed to the Plaintiff by Defendant Skinner at the times and places alleged hereinabove.

56. Defendant Skinner likewise breached the duty of care owed to Plaintiff by willfully and consciously utilizing a strategy to obstruct law enforcement's ability to speak

with material witnesses, collect evidence, and investigate the extent of Crandell's conduct with C.H., and by failing to report and to cooperate with law enforcement as required by law. Defendant Skinner knew or should have known that his conduct created an unreasonable risk of harm to C.H. and Plaintiff.

57. As a direct and proximate result of Defendant Skinner's reckless and/or negligent conduct, as alleged hereinabove, Plaintiff has suffered severe mental suffering manifested by physical symptoms including, but not limited to anger, depression, loss of appetite, anxiety and stress.

58. As a result, Plaintiff has been forced to incur necessary expenses for medical care and expenses, emotional distress, loss of enjoyment of life, future medical costs and expenses, lost income, physical and mental stress, and will continue to incur such expenses for such care, together with present and future pain and suffering, physical stress, suffering and impairment. The specified amount of these damages to be proven at trial in excess of $10,000.00.

59. Plaintiff has been compelled to employ the services of the Rossman Law Group and Rosholt Law to institute and prosecute this claim. Plaintiff is therefore, entitled to reasonable attorney fees for the services of said attorneys.

60. Plaintiff reserves this paragraph for the inclusion of a claim for punitive damages under Idaho Code § 6-1604.

## FOURTH CAUSE OF ACTION

## (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

61. Plaintiff hereby incorporates by reference and re-alleges each and every allegation set forth in each and every preceding paragraph of this Complaint, as though fully set forth herein.

62. The severe personal injuries to Plaintiff by Defendant Skinner at the times and places in question were intentional, unlawful, harmful and offensive.

63. Defendant Skinner consciously adopted and utilized a strategy aimed at interfering with law enforcement's ability to interview witnesses, collect evidence, and otherwise investigate the allegations of abuse by Crandell. In the face of his statutory duty to ensure the safety and well-being of the District's students and his position as General Counsel for the Boise School District, Defendant Skinner's willful attempts to conceal and suppress the foregoing allegations of sexual misconduct constitute extreme and outrageous conduct.

64. As a direct and proximate cause of the severe personal injuries to Plaintiff by Defendant Skinner, the Plaintiff has suffered severe emotional distress.

65. As such, Plaintiff is entitled to recover monetary damages from Defendant Skinner representing fair and reasonable compensation for the emotional distress suffered by Plaintiff as a result of the wrongful conduct alleged hereinabove in an amount in excess of $10,000.00 to be proven at trial.

66. Plaintiff is entitled to recover her attorney fees and costs incurred in the prosecution of this action pursuant to Idaho Code §§ 12-120, 12-121, Idaho Rules of Civil Procedure 54(d) and 54(e), and all other applicable state law.

67. Plaintiff reserves this paragraph for the inclusion of a claim for punitive damages under Idaho Code § 6-1604.

**FIFTH CAUSE OF ACTION**

**(NEGLIGENCE / RECKLESSNESS)**

68. Plaintiff hereby incorporates by reference and re-alleges each and every allegation set forth in each and every preceding paragraph of this Complaint, as though fully set forth herein.

69. At all times relevant hereto, Defendant Skinner was the General Counsel for the Boise School District.

70. Defendant Skinner had a duty to protect the public, including C.H., against the reasonably foreseeable risk of harm.

71. Defendant Skinner had a mandatory duty to report alleged sexual abuse within twenty-four (24) hours pursuant to Idaho Code § 16-1605.

72. Defendant Skinner breached the aforementioned duties by negligently and/or recklessly obstructing the ability of law enforcement to investigate the allegations of sexual misconduct, including the conduct of Crandell, and by failing to report as required by law.

73. Defendant Skinner's negligent and/or reckless acts and omissions were a direct and proximate cause of C.H.'s injuries and her continued exposure to abuse by Crandell.

74. As a direct and proximate result of Defendant Skinner's conduct, Plaintiff has suffered severe and permanent injury, mental pain and suffering, loss of enjoyment of life, and mental-health expenses, in an amount to be proven at trial in excess of $10,000.00.

75. Plaintiff is entitled to her necessary and reasonable attorney fees and costs incurred in the prosecution of this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant, as follows:

1. For compensatory damages according to proof at trial;

2. Damages for past and future loss of earnings and benefits and other damages in a sum to be determined at the time of trial;

3. An award of reasonable attorneys' fees and costs of suit as permitted by law;

4. Punitive and exemplary damages in an amount appropriate to punish or set an example of Defendant Skinner;

5. For pre-judgment interest and other interest as provided by law;

6. For costs of suit incurred herein;

7. Injunctive relief; and

8. For such other and proper relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury for all such triable claims.

Dated: November 6, 2026

Respectfully submitted,

By: */s/ Eric S. Rossman*

Eric S. Rossman, ISB #4573
ROSSMAN LAW GROUP, PLLC
350 N 9th St, Ste 500
Boise, Idaho 83702
Telephone: (208) 331-2030
Facsimile: (208) 947-2424
erossman@rossmanlaw.com